UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN MARVIN,

    Plaintiff,                                Hon. Janet T. Neff

v.                                          Case No. 1:16 CV 135

UNITED STATES OF
AMERICA,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand,[1] (ECF No. 13), and Defendant's Motion to Dismiss, (ECF No. 14). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be **denied**, Defendant's motion be **granted**, and this action **terminated**.

## BACKGROUND

This action concerns Plaintiff's displeasure with his tax liability as determined by Janet Cable, an employee of the Internal Revenue Service. On or about December 1, 2015, Plaintiff initiated in state court a "Complaint for Declaratory Relief" against Cable. (PageID.5-9). Plaintiff "is not requesting a determination of the amount of income tax allegedly owed," but instead seeks to compel

---

[1] While Plaintiff's motion is styled as an objection to the Court's February 16, 2016 Order granting Defendant's request for additional time to answer or otherwise plead, the only relief Plaintiff seeks in his motion is "that the Federal Court remand this Case back to the State Court." (PageID.35). Accordingly, the Court has interpreted Plaintiff's motion as a motion to remand.

Cable to "answer as to the ground(s) by which she believes she can be completely silent as to the notarized document(s) mailed to her over (6)(six) months ago; and then add additional taxes, penalties and interest on her determination(s) regarding income tax, while at the same time being silent to the written challenges mailed to her. . .by this plaintiff." (PageID.6). Defendant Cable subsequently removed the matter to this Court and now requests that Plaintiff's complaint be dismissed. Plaintiff moves the Court to remand this matter back to state court.

## ANALYSIS

**I.        Plaintiff's Motion to Remand**

Plaintiff asserts that because Defendant failed to timely remove the present action to this Court, remand is appropriate. With respect to the timeliness of removal, federal law provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

The Supreme Court has held that this 30-day period does not begin to run until the defendant has both (1) been formally served with the summons and (2) been provided a copy of the complaint either through formal service or certain other means. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350-56 (1999); *see also*, *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298, 303 (5th Cir. 2014) ("a defendant's right to removal runs from the date on which it is formally served with process").

In her notice of removal, Defendant Cable asserts that she "has not yet been served in this matter." (PageID.2). Plaintiff has presented no evidence to the contrary. In his motion, Plaintiff asserts that on December 1, 2015, he "mailed Janet Cable her certified mail copy of the Summons and Complaint possibly prematurely." (PageID.34). The accuracy of this characterization is demonstrated by Plaintiff's subsequent assertion that the state court did not issue a summons until December 22, 2015. (PageID.35). Plaintiff does not assert that he mailed to Defendant Cable a copy of this summons, but instead simply argues that the 30-day time period within which Cable could timely remove the matter to this Court began to run on December 22, 2015.

As previously noted, the 30-day removal period begins to run only when Defendant Cable is properly served with the summons. By Plaintiff's admission, the summons was not issued until December 22, 2015, and there is neither allegation nor evidence that Plaintiff ever properly served the summons on Defendant Cable. The Court finds, therefore, that Plaintiff failed to properly serve Defendant Cable with a copy of the state court summons. The Court further finds that Defendant Cable removed the matter to this Court prior to the expiration of the aforementioned 30-day time period.[2] Accordingly, the undersigned recommends that Plaintiff's motion to remand be denied.

---

[2] The facts presented herein raise the question whether a defendant can properly remove a matter to federal court prior to being properly served with a summons (i.e., before the 30-day removal period even begins). The Court was unable to locate any Sixth Circuit authority addressing this question, but did discover a recent First Circuit decision that required the court "to resolve a single question: whether a defendant may seek to remove a state-court action before being formally served." *Novak v. Bank of New York Mellon Trust Co.*, 783 F.3d 910, 911 (1st Cir. 2015) (per curiam). The *Novak* court concluded that "service is generally not a prerequisite for removal and that a defendant may remove a state-court action to federal court any time after the lawsuit is filed but before the statutorily-defined period for removal ends." *Id.* The Court is persuaded by the rationale articulated by the *Novak* court and likewise concludes that Defendant Cable could properly remove the matter to this Court despite Plaintiff's failure to properly effect service of the summons and complaint.

**II.         The United States is the Proper Party Defendant**

Plaintiff initiated this action against Janet Cable, an employee of the Internal Revenue Service. Under federal law, however, the United States is the proper party defendant. Specifically, federal law provides:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.[3]

28 U.S.C. § 2679(d)(1).

The United States Attorney for the Western District of Michigan has certified that "Janet Cable was acting within the course and scope of her federal employment, at all times of the alleged conduct out of which this claim arose." (PageID.55). Plaintiff has presented no evidence to the contrary. Accordingly, the undersigned recommends that the United States be substituted as the proper party defendant and Plaintiff's claims against Janet Cable be dismissed.

**III.        Defendant's Motion to Dismiss**

It is well understood that the United States "is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Morris v. United States*, 540 Fed. Appx. 477, 483 (6th Cir., Aug. 23, 2013) (quoting *United States v. Mitchell*, 445 U.S. 535, 538 (1980)). The burden rests with Plaintiff to demonstrate that there

---

[3] Pursuant to federal regulations, the "United States Attorney for the district where the civil action or proceeding is brought. . .is authorized to make the statutory certification that the Federal employee was acting within the scope of his office or employment with the Federal Government at the time of the incident out of which the suit arose." 28 C.F.R. § 15.4(a).

exists a waiver of sovereign immunity permitting his action against the United States to proceed. *See Morris*, 540 Fed. Appx. at 483 (citing *Reetz v. United States*, 224 F.3d 794, 795 (6th Cir. 2000)). If Plaintiff "cannot identify a waiver [of sovereign immunity], the claim must be dismissed on jurisdictional grounds." *Morris*, 540 Fed. Appx. at 483 (quoting *Reetz*, 224 F.3d at 795).

Plaintiff, citing to *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), argues that sovereign immunity does not apply where the "officers of the sovereign" act "beyond statutory authority or unconstitutionally." (PageID.79). While this statement is reasonably accurate, the *Larson* Court also held that to avoid dismissal on sovereign immunity grounds, the plaintiff must identify in his complaint the statutory or constitutional limitation the defendant has allegedly exceeded. *Id.* at 689-91. In his complaint, Plaintiff argues that Defendant Cable's assessment of his tax liability is in error because he is not obligated to pay "income and self-employment taxes" because he is not a resident of the *corporate* United States an entity which does not include "the fifty states party to the Constitution." (PageID.8-9). Plaintiff, citing to 26 U.S.C. § 6331(a), further argues in his complaint that the Internal Revenue Service cannot submit a Notice of Lien or Notice of Levy against him unless it first proves that he "is an officer, employee, or elected official of the United States." (PageID.9).

Plaintiff's assertion of a waiver of sovereign immunity fails for two reasons. First, Plaintiff's argument that Cable exceeded her authority is without merit. Plaintiff has failed to identify any authority for the proposition that citizens or residents of the fifty states are immune from paying income and self-employment taxes. Plaintiff's assertion that the Internal Revenue Service can execute a levy or lien to recover unpaid taxes only against "an officer, employee, or elected official of the United States," is equally misguided. *See* 26 U.S.C. § 6331(a) ("if any person liable to pay any tax neglects or refuses to pay the same. . .it shall be lawful for the Secretary to collect such tax. . .by levy upon all

property and rights to property. . .belonging to such person or on which there is a loen provided in this chapter for the payment of such tax"). Plaintiff's claim of sovereign immunity also fails because Plaintiff has not alleged in his complaint that Defendant Cable acted "beyond statutory authority or unconstitutionally." Instead, Plaintiff simply argues that Cable inaccurately calculated his tax liability. As the *Larson* Court made clear, however, merely claiming that the official in question made an error in the exercise of her authority does not constitute a waiver of the sovereign's immunity. *Larson*, 337 U.S. at 689-90. In sum, Plaintiff has failed to identify a waiver of sovereign immunity in this matter. Accordingly, the undersigned recommends that Defendant's motion to dismiss be granted.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Remand, (ECF No. 13), be **denied**; Defendant's Motion to Dismiss, (ECF No. 14), be **granted**; and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: May 26, 2016          /s/ Ellen S. Carmody
                            ELLEN S. CARMODY
                            United States Magistrate Judge